**FILED**

FEB 2 0 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DEBBIE BAKER, SHARON KYLE and
KATHLEEN RUMMELL,

    Plaintiffs,

    v.                                NO. CIV. S-06-1918 WBS DAD

LABCORP, and DOES 1 through 50,
inclusive,

    Defendants.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

        On November 6, 2006, plaintiff's attorney requested a ninety day continuance of the status (pretrial scheduling) conference because he was going to be appointed a Superior Court Commissioner effective December 6, 2006. Defendant had no objection to the request. A continuance was accordingly granted, but no substitution of counsel was filed. The matter is now back before the court for scheduling, and after reviewing the parties' Joint Status Report, the court hereby makes the following findings and orders without needing to consult with the parties any further.

        I.    SERVICE OF PROCESS

        All named defendants have been served and no further

service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332 (diversity). Plaintiffs Rummell and Kyle are residents of the County of Shasta, State of California; and plaintiff Baker is a resident of the County of Tehama, State of California. Defendant Labcorp was a corporation authorized to do business in the State of California and was doing business in the County of Shasta. The amount in controversy exceeds $75,000. Venue is undisputed and is hereby found to be proper.

## IV. DISCOVERY

Defendant served initial disclosures required by Fed. R. Civ. P. 26(a)(1) on November 6, 2006. If plaintiffs have not to date served initial disclosures, they shall serve the same on or by no later than March 1, 2007.

Plaintiff shall disclose experts and produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by no later than March 16, 2007.

Defendant shall disclose experts and produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by no later than March 30, 2007.

With regard to expert testimony intended solely for

1  rebuttal, those experts shall be disclosed and reports produced
2  in accordance with Fed. R. Civ. P. 26(a)(2) on or before April
3  20, 2007.

4  All discovery, including depositions for preservation
5  of testimony, is left open, save and except that it shall be so
6  conducted as to be completed by June 8, 2007. The word
7  "completed" means that all discovery shall have been conducted so
8  that all depositions have been taken and any disputes relevant to
9  discovery shall have been resolved by appropriate order if
10 necessary and, where discovery has been ordered, the order has
11 been obeyed. All motions to compel discovery must be noticed on
12 the magistrate judge's calendar in accordance with the local
13 rules of this court and so that such motions may be heard (and
14 any resulting orders obeyed) not later than June 8, 2007.

15           V.   MOTION HEARING SCHEDULE

16           All motions, except motions for continuances,
17 temporary restraining orders or other emergency applications,
18 shall be filed on or before July 20, 2007. All motions shall be
19 noticed for the next available hearing date. Counsel are
20 cautioned to refer to the local rules regarding the requirements
21 for noticing and opposing such motions on the court's regularly
22 scheduled law and motion calendar.

23           VI.  FINAL PRETRIAL CONFERENCE

24           The Final Pretrial Conference is set for October 22,
25 2007 at 1:30 p.m. in Courtroom No. 5. The conference shall be
26 attended by at least one of the attorneys who will conduct the
27 trial for each of the parties and by any unrepresented parties.
28           Counsel for all parties are to be fully prepared for

trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto. If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII. TRIAL SETTING

The plaintiffs have entered a demand for jury trial. According the jury trial is set for December 4, 2007 in Courtroom No. 5 at 9:00 a.m.

VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.

All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

1    Counsel are instructed to have a principal with full
2 settlement authority present at the Settlement Conference or to
3 be fully authorized to settle the matter on any terms.  At least
4 seven calendar days before the Settlement Conference counsel for
5 each party shall submit a confidential Settlement Conference
6 Statement for review by the settlement judge.  If the settlement
7 judge is not the trial judge, the Settlement Conference
8 Statements shall not be filed and will not otherwise be disclosed
9 to the trial judge.

IX.  MODIFICATIONS TO SCHEDULING ORDER

    Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge.  All requests to change the dates of the Pretrial Conference and/or trial shall be heard and decided only by the undersigned judge.

DATED: February 16, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE